UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| MICHAEL RICHARDS, | |
|---|---|
| Plaintiff, | |
| v. | Civ. Action No. 05-3663 (KSH) |
| JOHNSON & JOHNSON, INC., JOHNSON & JOHNSON CONSUMER PRODUCT COMPANIES | **OPINION AND ORDER** |
| Defendants | |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.   Introduction**

Before the Court is an appeal from a magistrate judge's order brought by Michael Richards ("Richards"). That order rejected Richards' efforts to have Magistrate Judge Shwartz reconsider her earlier order of November 26, 2006, which denied his request for an order compelling the production of certain documents.

**II.   Background**

Richards is suing his employer, Johnson and Johnson Consumer Products Companies ("CPC"), and its parent company, Johnson and Johnson, Inc. ("J&J"), for employment discrimination. He claims that he was not promoted from his position as a senior brand analyst at CPC due to unlawful age and race discrimination and retaliation. Richards requested in discovery

1

that the defendants produce the performance ratings for all analysts, senior analysts and managers in a company, CPI, for a five-year period. According to Richards, CPI "is the umbrella organization consisting of CPC, PPC, SLC, CPWW and PPWW." (Plaintiff's Brief 2.)[1] Magistrate Judge Shwartz ordered the defendants to produce information about successful candidates for positions that Richards applied for within CPI. But her order denied "the request for an order compelling the production of the performance ratings for all analysts, Senior Analysts and Managers at CPI . . ." because "it is not likely to lead to the discovery of admissible evidence for any claim in this case." (November 21, 2006 Order.) Richards argues in this appeal that "this information is essential for Plaintiff to establish that older workers and minority workers are receiving lower ratings." (Plaintiff's Brief at 3.)

### III.   Standard

Under Local Civil Rule 72.1(c)(1), a party can appeal from a magistrate judge's determination of a non-dispositive matter. However, "[t]he Court may not reverse, modify, or vacate a Magistrate Judge's order addressing a non-dispositive motion unless that order is clearly erroneous or contrary to law." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J., 2004)(citations omitted). In addition, magistrate judges have broad discretion when deciding discovery motions, and "[t]heir determinations may be overturned only if there is an abuse of discretion or legal error." Republic of Philippines v. Westinghouse Elec. Corp., 132 F.R.D. 384, 387 (D.N.J., 1990).

---

1. The defendants believe that Richards may be confused about the name of the organization he seeks information from. They believe that CPI may refer to Johnson and Johnson Consumer Products, Inc "which was the name of the defendant CPC prior to 1997." (Defendants' Brief 4 n. For the purposes of this appeal the Court will assume that CPI refers to the group of organizations that the plaintiff has listed.

## IV.   Discussion

Richards argues that the information he requested is reasonably calculated to lead to the discovery of admissible evidence and asserts that this information will be necessary to bear his burden of proving that "similarly situated employees were treated differently." Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998.)   He claims that the information will also be necessary to rebut an anticipated defense, that he was not promoted because he had lower ratings than other candidates; the information might also show that J&J's rating system was discriminatory.

Richards' specific contention on this last point is that Magistrate Judge Shwartz mistakenly concluded that he had not alleged that J&J's ratings system was discriminatory.   While he claims he did, he also argues that even if he failed to, there is "no pleading requirement that a plaintiff must specifically allege that an employer's performance ratings system itself is discriminatory before requests for discovery of the performance evaluations of other employees in similar job categories will be granted."   (Plaintiff's Brief 8.)   To support this proposition Richards relies on Finch v. Hercules, 149 F.R.D. 60 (D. Del. 1993)(discussing the scope of discovery in an employment discrimination case).

The defendants argue that Magistrate Judge Shwartz correctly determined that Richards' request for reconsideration was untimely, and that Judge Shwartz "correctly observed that Richards has not alleged that defendants ratings systems were discriminatory, rather that his own ratings were 'inaccurate' and lowered because of retaliation and discrimination."   (Id.)   As such, Judge Shwartz rested her restriction on discovery on grounds it would "not lead to the discovery of evidence relevant to a claim in this case."   ("January 4, 2007 Order").

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In practice, this broad language has been subject to limiting "to address perceived problems of over-discovery and abuses of the discovery process." Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J., 1985).  Judges may set limits on discovery to "reduce repetitious or burdensome discovery." Id.  Nonetheless, courts have recognized that, "[t]he imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases." Rodriguez v. American Tel. and Tel. Co. 1991 WL 3304, *2 (D.N.J., 1991)(citing Robbins, 105 F.R.D. at 55); see also Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983).

Richards is suing on the basis of unlawful employment discrimination, and one method of establishing this happened is to show that similarly situated employees were treated differently. Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998).  If the familiar burden shifting framework applies, Richards will have to show that the defendant's proffered reason for not promoting him was a pretext for discrimination.  See Tomasso v. Boeing Co., 445 F.3d 702, 706 (3d Cir. 2006).

Richards seeks information from other J&J organizations that are part of an "umbrella organization," challenged as overbroad because he did not work for these organizations, nor were they named as defendants.  Richards describes these organizations as functioning like a single company in terms of the way employees are rated, claiming in his brief that the ratings are "jointly

calibrated under the control of a single CFO and common human resources VP and are domiciled at the same location." (Plaintiff's Brief 2.) Significantly, the defendants have not refuted the uniformity of the ratings system in their submissions.

It appears that Richards is clearer about why he says he needs the disputed information now than when he was before Magistrate Judge Shwartz, although the Court cannot conclude this definitively because no transcript has been provided of argument before her. With better context, it appears that the information Richards *may* demonstrate how J&J employees, who are in positions that he either occupied or applied for, were treated under the same ratings system. But the issue remains: will that information bear on Richards' claims in this lawsuit, or does it belong to a lawsuit that he has not brought that attacks the rating system as inherently discriminatory? In this District, Judge Simandle has written that "the applicable discovery parameters [in an employment discrimination case] must be broader than the specific, individualized facts upon which [the plaintiff's] claims are based because of the nature of the proofs required to demonstrate unlawful discrimination, which may often be indirect or circumstantial." Robbins, 105 F.R.D. at 55.

Whether this information actually will lead to the discovery of admissible evidence remains elusive. The portion of the complaint that Richards relies on as a predicate, is not particularly helpful:

> Plaintiff Richards in years 2000, 2002, 2002, 2003, 2004 was given lower ratings on his Performance Review and Potential Score in because of discrimination based on race, national origin, age, retaliation for filing internal and Federal complaints of discrimination and for reporting accounting irregularities.

(Comp. ¶ 91)

Complicating matters, in opposing Richards' arguments to this Court, defendants have not argued that it would be an undue burden to produce the information and have taken no position on

his contention that a uniform rating system exists throughout the organizational structure.

It appears that Richards failed to be as clear as he could have been when he was before Judge Shwartz.   A remand is necessary to give defendants an opportunity to indicate if this broader discovery poses any burdens on them, and to develop the record further so Judge Shwartz may determine whether the uniformity Richards argues for does exist.   Judge Shwartz can then decide if any modification of her prior ruling is required.


**IT IS SO ORDERED on this 19th day of July, 2007.**


                                                  /s/ Katharine S. Hayden
                                                Katharine S. Hayden
                                                United States District Judge