UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

MICHAEL RICHARDS,

    Plaintiff,

 v.

JOHNSON & JOHNSON, INC., et. al.,

    Defendants

Civil Action No. 05-3663 (KSH)

**Opinion**

**KATHARINE S. HAYDEN, U.S.D.J.**

  Michael Richards ("Richards") appeals Magistrate Judge Shwartz's order of October 5, 2007 denying his request to compel discovery of information related to CPI[1] senior analysts and managers. (Docket entry # 50.) For the reasons set forth below, his appeal is denied.

**FACTS AND PROCEDURAL HISTORY**

  The following is taken from Judge Shwartz's opinion delivered orally on October 5, 2007, unless otherwise noted.

  Richards is suing Johnson & Johnson Consumer Products Companies ("CPC") and its parent company, Johnson & Johnson, Inc. ("J&J")(collectively "defendants"), for employment discrimination. He claims he was unlawfully denied promotion because of race and age discrimination and in retaliation for complaining about discrimination. Beginning in 2006, Richards sought discovery of information about performance ratings for analysts, senior analysts, and managers at CPI from 2000-2005. Richards sought the following information about every person in those positions:

---

[1] CPI is an "umbrella organization consisting of CPC, PPC, LSC, CPWW and PPWW." (Opinion & Order of July 19, 2007 at 2 (internal quotations omitted).)

> (a) Name (b) race (c) national origin (d) date of birth (e) operating company (f) job title (g) years of work experience (h) educational qualifications and year obtained (i) professional certifications and year obtained (j) number of rotations (k) number of J&J promotions (l) number of years to become manager (m) performance rating (n) potential rating (o) salary (p) bonus

(Pl. Br. 20.)  Richards wants this information so that he can "conduct statistical analysis to prove that older workers and minority workers were given lower ratings." (R. at 7:15-17.)[2]

On November 21, 2006 Judge Shwartz ordered defendants "to produce information about successful candidates for positions that Richards applied for within CPI." (R. at 4:2-4.)  Richards moved for reconsideration and she denied his motion as untimely and for failing to state grounds for reconsideration.

Richards then appealed her discovery ruling to this Court, which concluded that he was not sufficiently specific about the reasons for seeking the ratings information when he was before Judge Shwartz.  (Opinion & Order of July 19, 2007.)  The Court reasoned that "[w]ith better context, it appears that the information Richards [seeks] may demonstrate how J&J employees, who are in positions that he either occupied or applied for, were treated under the same ratings system." (Id. at 5 (emphasis in original).)  The Court noted that "[a] remand is necessary to give defendants an opportunity to indicate if this broader discovery poses any burdens on them, and to develop the record further so Judge Shwartz may determine whether the uniformity Richards argues for does exist."  (Id. at 6.)  Significantly, the Court ordered Judge Shwartz to "decide if any modification of her prior ruling is required."  (Id. (emphasis in original).)

On remand, Judge Shwartz conducted oral argument by telephone on September 4, 2007. After accepting the parties' evidence on burden and uniformity of the ratings system, she ordered defendants to "produce the rating, potential rating, age, and EEO information[3] for senior analysts

---

[2] R. refers to the transcript of Judge Shwartz's opinion delivered on the record on October 5, 2007.

[3] "EEO information" referred to demographic characteristics about the employees such as race and age.  (R. at 5.)

who reported to Robert Laschiazza from 2000 to 2005." (Docket entry # 43.) She did not order defendants the produce information about any other managers as Richards requested, nor did she order other demographic information be produced, such as job titles, years of work, and educational background. (See R. at 5:17-21.) Richards then filed a motion for reconsideration requesting she order discovery of the remaining information sought and for all information pertaining to managers. She denied his motion. (Docket entry # 45.) This appeal followed. (Although Richards technically is appealing Judge Shwartz's order denying reconsideration, it is evident that he is appealing the underlying discovery ruling that denies his discovery requests.)

## STANDARD

A party can appeal a non-dispositive order of a Magistrate Judge under Local Civil Rule 72.1(c)(1). A judge must review the Magistrate Judge's findings to determine if any portion of the order is "found to be clearly erroneous or contrary to law." L. Civ. R. 71(c)(1)(A); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)(Cooper, J.). "The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994) (Wolin, J.). "[A] magistrate's determination in a discovery dispute is entitled to great deference and reversible only for an abuse of discretion." Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998)(Orlofsky, J.)(internal quotations omitted). An abuse of discretion occurs:

> when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir. 1976). This standard is appropriate "where the Magistrate Judge has managed this case

from the outset and developed a thorough knowledge of the proceedings." Id. (internal quotations omitted).

## **DISCUSSION**

In this appeal, Richards raises essentially three points. First, he argues Judge Shwartz had no discretion to differentiate between senior analysts and managers based upon the Court's July 19, 2007 order. (Pl. Br. 3.) He then argues that Judge Shwartz erred in denying him further discovery because she concluded the ratings were not calibrated across all the CPI companies but rather within each entity. (Pl Br. 12-14.) He also argues Judge Shwartz erred in ruling it would be burdensome for defendants to produce the additional information and denying him discovery on that basis. (Pl. Br. 9-12.).

>Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:
>
>Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In practice, this broad language has been subject to limiting "to address perceived problems of over-discovery and abuses of the discovery process." Robbins v. Camden City Bd. of Educ.,105 F.R.D. 49, 55 (D.N.J., 1985) (Simandle, J.). Judges may set limits on discovery to "reduce repetitious or burdensome discovery." Id. Nonetheless, courts have recognized that "[t]he imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases." Id.; see also Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983).

As to the first issue, Richards argues that Judge Shwartz exceeded the scope of this Court's remand. He claims this Court's order gave her two pointed questions to answer on remand: (1) "whether it was onerous to produce the information [he] is seeking"; and (2) "[i]s there uniformity of ratings within CPI companies?" (Pl. Br. 3.) Judge Shwartz disagreed and found this Court had

4

given her "unqualified authority to make 'any modifications' to its prior rulings." (R. at 11:24-12:1.) In addition, she said that if the Court had meant for her to simply enter an order, then the Court would not have instructed her to balance the burden in this case. (R. at 12:8-14.)

The Court sees no abuse of discretion in this ruling. Nothing in the Court's order took away any discretion from Magistrate Judge Shwartz to decide the discovery dispute before her. Rather, this Court found that Richards had not been sufficiently specific about why he needed the information in the first place. (Opinion and Order of July 19, 2007 at 5.) Having examined the specifics of Richards' request, Judge Shwartz made reasoned conclusions. She was not constrained by the remand order in rendering her decision.

Richards next argues that the information about all CPI managers is relevant because the "the ratings system at CPI is uniform across its constituent companies." (Pl. Br. 13.) Richards' claims the ratings information will show that "older workers and minority workers were given lower ratings" across all of the CPI companies. (Pl. Br. 15.) Judge Shwartz found that "although the scale used to rate all employees is uniform, each employee is rated according to several job-specific categories and rated by individual reviewers. Thus, the job ratings are not uniform in the manner plaintiff proffers." (R. at 13:19-23.) She said that the relevant information was from those employees in the same job category as Richards. (Transcript of teleconference before Judge Shwartz, Sept. 4, 2007, 24:6-8.) She found, in particular, that:

> while there may be uniform systems at the same levels that are used to evaluate individuals in a numerical sense, managers, [sic] come at their evaluation of their employees from various perspectives, including the mission of that person's job duties. And for that further reason, those who have the same job duties should be evaluated and compared against each other, not evaluating necessarily individuals who had different jobs.

(Id. at 24:11-18.)

Richards argues that the certification of Helen Catalano, Vice President of Human Resources for J&J Group of Consumer Companies, Global Beauty Care, and Enabling Functions ("Catalano") is

5

fabricated and contradicted by testimony from Robert Laschiazza, CFO for CPC ("Laschiazza"). (Pl. Br. 12-13.) Catalano's certification stated that the:

> ratings for all employees of [CPI] were not 'jointly calibrated' during the 2000 through 2005 time frame. Rather, management <u>within each entity</u> would meet to discuss the ratings for the employees that report to them. The purpose of such meetings was to ensure comparability of performance ratings across departments <u>within each entity</u>.

(Docket entry # 42 (Catalano Cert.)(emphasis in original).) Laschiazza's deposition states, with regard to calibration of ratings, that "managers review analysts in a meeting once a year where there is a calibration done. Then managers would meet with controllers to do a calibration, per the calibration, and I would sit in on these meetings once a year." (Laschiazza Dep., 66:22-67:2, May 17, 2007.) Richards contends that Laschiazza's deposition indicates that managers across different CPI entities meet together to calibrate the ratings, leading to the conclusion that the ratings are uniform across all CPI entities.

The Court finds Judge Shwartz properly concluded that the most probative evidence would come from those individuals who are in similar positions to Richards. In addition, the Catalano certification and Laschiazza's deposition testimony are not in conflict. While managers at CPI meet to discuss calibration, there is nothing in Laschiazza's testimony to suggest that the managers meet with others outside their entity. Moreover, Richards does not support his contention that the Catalano certification was fabricated.

Finally, Richards argues that his request is "narrowly tailored to approximately 100 or so personnel in the company where he has been employed during the period in question." (Pl. Br. 10.) He states that the information can be gleaned from the same databases as the other information about senior analysts, and that the government requires J&J to have this information available. (Pl. Br. 11-12.) Judge Shwartz disagreed, finding it would be burdensome on defendants to produce information about all managers over a six-year period, especially because the information was likely to produce little probative evidence. (R. at 16:8-15.) She accepted Catalano's statements that

6

defendants would have to manually determine how many manager and senior analyst positions there were in the entities over the six-year period and then manually determine who those individuals were.  (Catalano Cert.¶ 4.)   Such information fully supports her conclusion that providing the requested information would be burdensome.

## **CONCLUSION**

After examining Richards' arguments carefully, this Court is unpersuaded that Judge Shwartz's rulings constituted an abuse of discretion or exceeded the authority she has to manage discovery in this matter.  Richards' appeal is **denied**.  (Docket entry # 50.)  An appropriate order will be entered.

Dated:  February 26, 2008 /s/Katharine S. Hayden
Katharine S. Hayden
United States District Judge